FILED
MAY 18 2017
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

**IN THE FEDERAL DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA CHARLESTON**

| | | |
|---|---|---|
| **SANTANA CLINE** | ) | |
| | ) | **CASE NO:** 2:17-2975 |
| **Plaintiff,** | ) | |
| | ) | **Judge:** ____________________ |
| **v.** | ) | |
| | ) | |
| **HSBC BANK USA, NATIONAL ASSOCIATION 452 FIFTH AVE NEW YORK, NEW YORK 10018** | ) ) ) | **DEMAND FOR JURY TRIAL** |
| **REISENFELD & ASSOCIATES 1212 BATH AVE #535 ASHLAND, KY 41101** | | **COMPLAINT FOR: BREACH OF CONTRACT, BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING, CONVERSION, INVASION OF PRIVACY, MISAPPROPRIATION, INTRUSION, FAIR DEBT COLLECTION PRACTICES ACT 15 USC 1692** |
| **CHRISTOPHER DAWSON 1212 BATH AVE SUITE 535 ASHLAND, KENTUCKY 41101** | | |
| **Defendants,** | | |

Plaintiff, Santana Cline ("Ms. Cline"), hereby file the foregoing complaint against Defendants HSBC Bank USA National Association ("HSBC"), Reisenfeld & Associaties ("Reisenfeld") and Christopher Dawson ("Dawson") collectively as ("Defendants") and allege as follows:

## NATURE OF THE CASE

1. This case is simple. Defendants have taken advantage of their positions as a bank and law firm to make unauthorized forged promissory notes baring Ms. Cline's name for a prior, cancelled debt. Defendant's, collectively, are attempting to defraud the Plaintiff of $433,500 and trying to subject them

to litigation of third parties. Defendant's are attempting to use a promissory note against an un-named party, Timothy Hugh Dials, in a West Virginia Bankruptcy Court, case 6:16-60085 (Judge Volk) and are seeking to obtain the property originally secured by the cancelled note by using a new, elaborate fabrication. Instead of dropping their claims and lien on the subject property, 8243 Chippenham Drive, Dublin, Ohio 43016, the Defendant's have persisted to forge the Plaintiff's personal identifiers including their name - prior loan number - and signature on a negotiable instrument. Defendant's should be made accountable for their identity theft.

## THE PARTIES

2. Plaintiff Santana Cline is an individual who resides primarily 1and does business out of Las Vegas, Nevada, as well as Hurricane, West Virginia - where she's originally from.

3. Defendant HSBC Bank USA National Association is a bank with its principal place of business in the County of New York.

4. Defendant Reisenfeld & Associates is a law firm that has their principal place of business in Ashland, Kentucky and other venues - and routinely works as a debt collection company.

5. Defendant Christopher Dawson is an attorney who works for Defendant Reisenfeld out of Ashland, Kentucky and upon information and belief does business in Kentucky, Ohio, West Virginia and elsewhere

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1332(a)(1). Plaintiff's are citizens and residents of the State of West Virginia. Plaintiffs are informed and believe, and thereon allege, that the main Defendant,HSBC, principal place of business as a trust company is in

New York, New York. The amount in controversy exceeds $75,000, exclusive of interest and costs. Reisenfeld & Associates, and Christopher Dawson, are located in Ashland, KY.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) because all of the events giving rise to Plaintiffs' claims occurred in this judicial district and local Bankruptcy Court in Charleston, WV.

## RELEVANT FACTS

8. In 2006 Ms. Cline purchased a property in Ohio, 8243 Chippenham Drive, Dublin, Ohio 43016, from CBSK d.b.a American Home Loans. ("CBSK") The original loan company was out of business in November 2005, nearly six months before Ms. Cline procured a loan from their company. Due to their defunct status in 2006, Ocwen Loan Servicing assigned Ms. Cline's loan to an HSBC trust, purported to be the 2006-ASAP3 trust for Ace Securities and sought to claim the loan as a 'default' in 2007, seeking a foreclosure judgment in the Franklin County Common Pleas Court with a 'lost note affidavit'.

9. During the proceeding decade no less than seven different notes have been presented throughout the procedural history of the litigation instigated by Ocwen Loan Servicing using the name of HSBC. The notes, which varied in size, writing, coloring, etc. never bore any blue ink signatures nor endorsement from CBSK during the decades long history.

10. In August 2015, another fabrication of a note was presented to the Plaintiff and Ms.Cline sought to file a criminal complaint with local law enforcement. Sometime in late January 2016 the Plaintiff was informed that Ocwen was closing her loan file. In March 2016 her actual, blue ink, promissory note appeared and was marked as 'CANCELED' in red on the top of the document.

11. After years of mental anguish, stress and psychological abuse from the lost wages, hours and enjoyment of life from dealing with the harassing nature of the litigation under HSBC's direction, the

Plaintiff assigned the property via Quit Claim Deed to her step-father two weeks after receiving the returned note so that she could begin a fresh start with the intellectual property she traded for value for the property. After hoping to be free to begin a new business and explore further IP rights with her newly acquired items, she was once again brought back into the mix of HSBC's deceit when Dawson, through Reisenfeld, filed to take the property from her step-father, Timothy Dials using a scheme that has resulted in them creating another promissory note, signing the Plaintiff's name and forging a transfer stamp on a note 11 years later, and more than a year after the cancellation of the actual note.

12. The Plaintiff is now subject to being exposed to a lawsuit for the transfer of property due to their unlawful use of Plaintiff's identity, she is also subject to the property being taken in her name and liability and judgment be attached to her, as well as further loss of income and mental well-being from the continued harassment and fraud by the named Defendants.

13. To make this more damning to the Plaintiff, Defendants are knowingly doing this scheme after being presented with proof of the cancelled document, as well as being subject to numerous Court actions - many filed in New York State Court, that clearly identified the properties - or lack thereof, in the trust at issue and it did not include Ms. Cline's former residence. *HSBC*, in case No. 131869AJNGWG, 650327/2013, Royal Park Case 652732/2013, *Dials vs Ace Securities*, 670291/2016, and their removal by shareholders via Gibbs Burn in 2015. The Defendants, namely Reisenfeld, have a history of filing fraudulent actions for cancelled debt as well, as noted in *Elliott vs JP Morgan*, 30C01-0607-MF-570.

14. In furtherance of their identity theft and forgery of Ms. Cline's signature, Defendant's also forged the signature of Brent McElwee of CBSK d.b.a American Home Loans on a newly created transfer stamp, in which they ironically mis-spelled the companies name and signed the document "Cool" or "Coop" depending on your reading of the last letter of the signature block.

15. Because of this newly devised scheme, Ms. Cline has agreed to her signature to be reviewed by a handwriting expert and had the newly created document analyzed by a forensic group, Ghiro Imaging Labs. They concluded the document was made in Adobe Photoshop 2.0 & 3.0 and that the signatures do not match Ms. Cline's signature nor any publicly available Brent McElwee signature.

## FIRST CAUSE OF ACTION

### (Breach of Written Contract)

Plaintiffs re-allege and incorporate as if fully set forth herein the allegations of Paragraphs 1-15 above.

On or about March 4th, 2016 Defendant HSBC had the underlying promissory note cancelled and returned on their behalf by Ocwen Loan Servicing to Ms. Cline.

Plaintiff has fully performed all conditions, covenants, obligations and terms in relation to the underlying note and was exhausted of all claims against her and her former residence when the note was returned to her in 2016.

Defendants have failed and refused to cease action on the cancelled contract. They have failed to cure their violations of the cancellation, including their obligation to release the underlying mortgages.

Defendant's wrongful conduct alleged herein constitutes a breach of the promissory note and contract.

As a direct and proximate result of Defendant's conduct, Plaintiff's have suffered and will continue to suffer damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## (Breach of Implied Covenant of Good Faith and Fair Dealing)

Plaintiffs re-allege and incorporate as if fully set forth herein the allegations of Paragraphs 1-15 above.

Defendant breached the implied covenant of good faith and fair dealing by acting in bad faith and with a motive to intentionally frustrate Plaintiffs' enjoyment of their rights under the cancelled promissory note. Specifically they have forged another document to attempt to collect money in her name from another and is a clear effort to frustrate Plaintiff's ability to move on from this loan and be made whole.

As a direct and proximate result of Defendant's conduct, Plaintiff's have suffered and will continue to suffer damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## (Conversion)

Plaintiffs re-allege and incorporate as if fully set forth herein the allegations of Paragraphs 1-15 above.

At all times relevant herein, Plaintiff had clear ownership and rights of possession to Ms. Cline's property - including the cancelled promissory note. Defendant's wrongfully appropriated Plaintiff's property by forcefully keeping a lien on her prior residence under her name and attempted to revive a cancelled debt with a forgery in the amount of $433, 500.

As a direct and proximate result of Defendant's conduct, Plaintiff's have suffered and will continue to suffer damages in an amount to be determined at trial, but in any event in excess of $945,000.00

The aforementioned acts of Defendant were willful, wanton, malicious, and oppressive, were undertaken with the intent to defraud and justify the award of exemplary and punitive damages against Defendant.

## FOURTH CAUSE OF ACTION

### (Invasion of Privacy —Misappropriation)

Plaintiffs re-allege and incorporate as if fully set forth herein the allegations of Paragraphs 1-15 above.

At all times relevant herein, Ms. Cline has maintained a legally protected privacy interest in her name, signature, likeness, including protection against unauthorized use and/or appropriation of Ms. Cline's name for a wrongful purpose or to gain an unfair advantage or reward.

Defendants knew or should have known that Ms. Cline had a reasonable expectation of privacy in her name and/or likeness, including protection against unauthorized use and.or appropriation of Ms. Cline's name for a wrongful purpose or to gain an unfair advantage.

Defendants intentionally and/or negligently violated Ms. Cline's right of privacy by appropriating Ms. Cline's name, posing as Ms. Cline, and or signing Ms. Cline's signature in connection with Defendant's unauthorized creation of a promissory note, on which Defendant's are not an authorized signatory and/or have any rights to act on her behalf.

As a direct and proximate result of Defendant's invasion of Ms. Cline's rights of privacy alleged herein, Ms. Cline has suffered substantial damages in excess of $75,000 to be proven at trial.

In doing the acts alleged herein, Defendants acted with oppression, fraud or malice, in conscious disregard for Ms. Cline's rights and the purpose and with the intent of harming Ms. Cline, so as to entitle Ms. Cline to exemplary or punitive damages in an amount according to proof at trial.

## FIFTH CAUSE OF ACTION

### (Invasion of Privacy —Intrusion)

Plaintiffs re-allege and incorporate as if fully set forth herein the allegations of Paragraphs 1-15 above.

At all times relevant herein, Ms. Cline has maintained a legally protected interest in her private matters and affairs, including protection against unauthorized intrusion into Ms. Cline's confidential personal information, social security number, loan accounts and business information.

Defendants knew or should have known Ms. Cline had a reasonable expectation of privacy in her private affairs, including protection against unauthorized intrusion into Ms. Cline's confidential business accounts, personal information, credit information and other.

Defendant's intentionally and/or negligently violated Ms. Cline's right to privacy by secretly and unlawfully accessing her credit report and creating loan accounts in order to attempt to collect debt in her against against third parties, namely Timothy Dials.

As a direct and proximate result of Defendant's invasion of Ms. Cline's right to privacy as alleged herein, Ms. Cline has suffered substantial damages in excess of $75,000 according to proof at trial.

In doing the acts alleged herein, Defendants acted with oppression, fraud or malice, in conscious disregard for Ms. Cline's rights and the purpose and with the intent of harming Ms. Cline, so as to entitle Ms. Cline to exemplary or punitive damages in an amount according to proof at trial.

## SIXTH CAUSE OF ACTION

### (Fair Debt Collection Practices Act Violations)

Plaintiffs re-allege and incorporate as if fully set forth herein the allegations of Paragraphs 1-15

above.

Defendant's conduct was negligent or willful or both, rendering it liable for attempting to collect fees, interest, and expenses from Cross-Complainant that are not authorized by any agreement or permitted by law, in violation of 1692 f (1).

Defendant's conduct was negligent or willful or both, rendering it liable for failing to cease collection of an alleged debt, and not providing proper verification of the debt to the Cross-Complainant prior to initiating a lawsuit, in violation of 1692 g (b).

As a result of the foregoing violations, Defendant's are liable for actual damages, including general damages and special damages in an amount to be proven at trial, but not less than $2,000 per cross-complainant, pursuant to 15 USC 1692(k) a 1.

As a result of the foregoing violations, Defendant's are liable for actual damages, including general damages and special damages in an amount to be proven at trial, but not less than $1,000 per cross-complainant, pursuant to 15 USC 1692(k) a 2 a.

As a result of the foregoing violations, Defendant's should be enjoined from employing any of the unlawful conduct, methods, acts, or practices under the FDCPA alleged herein or proven at trial.

Based on the allegations above and further set forth herein, Defendant's have violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff's by, without limitation; Continuing to pursue collection of disputed and unverified debt; and filing suit on an invalid debt, forcing Plaintiff's to defend against an invalid action, and further, and in addition thereto, knew or should have known that it has engaged in such conduct, and the said consequences thereof.

Upon information and belief, Defendant's have communicated credit information to persons, including but not limited to credit reporting bureaus or agencies, with respect to Plaintiff, which it knew or should have known to be false – including without limitation allegations that Plaintiff owed the purported debt which is the subject of this action, and/or that Plaintiff owes said debt.

Upon information and belief, Defendant's are in violation of 15 U.S.C. §1692e(8) failed to communicate to Plaintiff, other persons and entities, including credit bureaus, and persons yet to be determined, that Plaintiff disputes the alleged debt.

By falsely representing that HSBC is either an assignee of an original creditor, and/or that said assignment constitutes a proper, competent, or valid assignment between HSBC and the original creditor of any alleged debt by any alleged original creditor to HSBC, and/or that HSBC is the original creditor, HSBC has made material, false and misleading representations, and has further communicated to Plaintiff and other persons credit information which is known or which should be known to be false, including the above, the failure to communicate that a disputed debt is disputed, the "re-aging" of said debt, the false and misleading representation and impression that HSBC is the original creditor of said debt, and other material false and misleading representations, and has violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(8), §1692e(2)(A), § 1692e(5), § 1692e(10) and § 1692f. HSBC either knew or should have known all of the above.

The Fair Debt Collection Practices Act, §1692k, provides for actual damages, statutory damages up to one-thousand dollars ($1,000.00) per violation, costs of the action, and reasonable attorneys' fees. Plaintiff has suffered actual damages as the proximate and actual cause and result of the violations of the FDCPA by Defendant's to be determined at trial. Defendant's are liable to Plaintiff's for statutory damages as prescribed by § 1692k(a)(2)(A), actual damages pursuant to § 1692k(a)(1) in an amount to be determined at time of trial, and reasonable attorneys' fees and costs pursuant to § 1692k(a)(3).

In doing the acts alleged herein, Defendants acted with oppression, fraud or malice, in conscious disregard for Ms. Cline's rights and the purpose and with the intent of harming Ms. Cline, so as to entitle Ms. Cline to exemplary or punitive damages in an amount according to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff request a judgment against the Defendants as follows:

1. Compensatory damages for Defendant's invasion of Ms. Cline's right of privacy in an mount in excess of $75,000 to be proven at trial

2. For destruction of the forged promissory note and removal of all liens and claims obtained by Defendant's using Plaintiff's identity without permission

3. For exemplary or punitive damages in an amount to be proven at trial

4. For injunctive relief against the Defendant's from accessing and using Plaintiff's information and identity

5. An award of costs for any associated fees with this litigation

6. FDCPA claims of not less than $1,000 to be proven at trial,

and

7. For such other and further relief as the Court deems just and proper.

**MAY 17TH, 2017**

Respectfully submitted,

Santana Jade Cline, *pro se*
117 State Route 34
Hurricane, WV 25526
203-514-0373