IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**SANTANA CLINE,**

    **Plaintiff,**

v.                                               Case No. 3:17-cv-02975

**HSBC BANK USA, N.A., et al.,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

On May 18, 2017, Plaintiff Santana Cline, proceeding *pro se*, filed a complaint against Defendants, asserting that they forged promissory notes in Plaintiff's name to secure mortgage liens on real property in order to defraud Plaintiff and obtain the property through a foreclosure sale. (ECF No. 2). Pending before the Court are Plaintiff's request for entry of default by the court clerk, (ECF No. 22), and Defendant HSBC Bank USA, N.A.'s, ("HSBC"), motion in opposition to entry of default and request for leave to file a response to the complaint, (ECF No. 27).[1] This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and

---

[1] Plaintiff's motion asks the clerk to enter default against HSBC under Rule 55(a) of the Federal Rules of Civil Procedure. (ECF Nos. 22, 23). Although default has not been entered, Plaintiff's request is evaluated as a motion for default judgment and HSBC's response is considered a motion to set aside the entry of default, as if default was entered by the clerk. *See, e.g., F.D.I.C. v. Danzig*, No. 93-1294, 1993 WL 478842, at *3 n.5 (4th Cir. Nov. 22, 1993) (stating that the magistrate judge properly considered the moving party's motion as a motion for default judgment and the opposing party's response as a motion to set aside the entry of default, although default had not been actually entered by the clerk).

1

recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

For the reasons that follow, the undersigned **FINDS** that good cause exists to set aside HSBC's default. Accordingly, the undersigned **RECOMMENDS** that the presiding District Judge **DENY** Plaintiff's motion for the entry of default, (ECF No. 22); **GRANT** HSBC's motion to set aside default, (ECF No. 27); and accept the Motion to Dismiss filed by HSBC on October 2, 2017 as properly pending, (ECF No. 29).

## I. Relevant Facts and Procedural History

Plaintiff's complaint asserts that Defendants forged promissory notes in Plaintiff's name to secure mortgage liens on real property in order to defraud Plaintiff and unlawfully acquire the subject property. (ECF No. 2). On July 31, 2017, the United States Marshals Service served HSBC with a civil summons by certified mail, which stated that HSBC had 21 days, exclusive of the day of receipt, to serve on Plaintiff an answer to the complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.[2] (ECF Nos. 8, 21). On August 22, 2017, attorney Joseph E. Culleiton filed a Statement of Visiting Attorney and Designation of Local Counsel, indicating that he and Allison R. Gerlach, Esq., intended to represent HSBC. (ECF No. 19). Despite their appearance, neither Mr. Culleiton nor Ms. Gerlach filed an answer, motion, or other response on behalf of HSBC.

Thereafter, on September 15, 2017, Plaintiff filed a request for the clerk's entry of default under Rule 55(a) of the Federal Rules of Civil Procedure on the basis that HSBC had appeared in this action, but failed to plead or otherwise defend itself with the time allowed. (ECF Nos. 22, 23). HSBC filed a combined response in opposition to the entry of default and motion for leave to file a response to Plaintiff's complaint. (ECF Nos. 27, 28).

---

[2] Although the Process Receipt and Return is misdated August 31, 2017, (ECF No. 21 at 1), the certified mail tracking number provides that the summons and complaint were delivered on July 31, 2017.

HSBC argues that Plaintiff's instant action is a continuation of her "outright assault on the judicial system and HSBC in an effort to delay HSBC's ability to proceed to a foreclosure sale" of the subject property, a process, which HSBC contends has been litigated in multiple courts dating back to 2008. (ECF No. 28 at 2). HSBC asserts that it has meritorious defenses in this action, including that Plaintiff fails to state a claim upon which relief can be granted and her claims are barred by the doctrines of *res judicata*, collateral estoppel, and judicial estoppel because the issues have been adjudicated in previous proceedings. (*Id.* at 3-4). HSBC further states that Plaintiff has not been prejudiced by HSBC's default. (*Id.* at 4). Therefore, HSBC requests that its default be excused and it be granted leave to file a response to Plaintiff's complaint within two business days. (*Id.*).

## II. <u>Discussion</u>

In considering whether to set aside HSBC's default in this case, the Court utilizes the "good cause" standard provided in Rule 55(c) of the Federal Rules of Civil Procedure. *Danzig*, 1993 WL 478842, at *2. The "good cause" standard is very similar to the "excusable neglect" standard that is utilized to determine if a default judgment should be set aside under Rule 60(b) of the Federal Rules of Civil Procedure. *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 420–21 (4th Cir. 2010). However, despite the similar considerations under both analyses, the "good cause" standard is much more forgiving to defaulting parties because a final judgment has not been entered in the action. *Id.*

The decision whether to set aside an entry of default is "committed to the sound discretion of the trial court" and should be disturbed only upon a finding of an abuse of discretion. *Lolatchy v. Arthur Murray, Inc.,* 816 F.2d 951, 954 (4th Cir. 1987). The Fourth

Circuit "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton,* 616 F.3d at 417 (holding that the district court abused its discretion in denying motion to set aside entry of default). When considering a motion to set aside an entry of default, district courts assess "whether the moving party has a meritorious defense, whether it acts with reasonable promptness [in moving to set aside the entry of default], the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Id.* (citing *Payne ex rel. Estate of Calzada v. Brake,* 439 F.3d 198, 204–05 (4th Cir. 2006)). The foregoing "good cause" or *Payne* factors are liberally construed in the defaulting party's favor "in order to provide relief from the onerous consequences of defaults and default judgments." *Lolatchy,* 816 F.2d at 954 (quoting *Tolson v. Hodge,* 411 F.2d 123, 130 (4th Cir.1969)).

Considering the first factor, HSBC clearly proffers potentially meritorious defenses to Plaintiff's claims. As HSBC states, Plaintiff's claims invoke possible considerations of *res judicata*, collateral and judicial estoppel, and failure to state a claim upon which relief can be granted. To this end, HSBC contends that the facts and issues raised in Plaintiff's complaint have been adjudicated in prior foreclosure and bankruptcy proceedings or are otherwise not actionable under West Virginia law. (ECF Nos. 28, 29-1, 29-2, 29-3, 30). Given HSBC's asserted defenses, the first factor supports setting aside HSBC's default.

Turning to the remaining factors, HSBC's reasonable promptness in responding to Plaintiff's request for the entry of default also weighs in its favor. Plaintiff moved for the entry of default on September 15, 2017. (ECF Nos. 22, 23). Within thirteen days, HSBC filed a response in opposition and motion for leave to file a response to Plaintiff's complaint on September 28, 2017. (ECF Nos. 27, 28). This time frame is consistent with

4

other cases in which the defaulting party was determined to be reasonably prompt in responding to an entry of default. *See, e.g., Capital Concepts, Inc. v. CDI Media Grp. Corp.*, No. 3:14-CV-00014, 2014 WL 3748249, at \*6 (W.D. Va. July 29, 2014) (discussing that district courts in the Fourth Circuit have found a defendant to be reasonably prompt when waiting 16, 17, 21, and 32 days after default was entered before attempting to set it aside) (markings and citations omitted); *Colleton*, 616 F.3d at 418 (agreeing that the plaintiff acted with "requisite promptness and diligence in seeking to set aside the entry of default when it acted within nine days after its counsel learned of the existence of the case.").

With regard to the other factors, HSBC does not deny that it is responsible for the default. Clearly, someone accepted delivery of the summons addressed to HSBC, (ECF No. 21), and HSBC does not allege insufficient service. *See Turner v. Lowden*, No. CIV.A. RDB-12-1372, 2013 WL 5634325, at \*4 (D. Md. Oct. 15, 2013), *aff'd*, 559 F. App'x 227 (4th Cir. 2014) ("[F]ailure to effectuate proper service of process would constitute 'good cause' for purposes of Rule 55(c)) (citing *Hearron v. Premier Mfg. Support Servs., Inc.,* 2010 WL 4921789, at \*2 (D.Kan. Nov.29, 2010) (setting aside default where defendant was not properly served)). Moreover, HSBC retained counsel, who entered an appearance around the time that HSBC's answer was due. Although HSBC's personal responsibility weighs against excusing default, it is only one factor and is not dispositive. *See, e.g., Wainwright's Vacations, LLC v. Pan Am. Airways Corp.*, 130 F. Supp. 2d 712, 720 (D. Md. 2001) (The fact that the defendant may be culpable for the default does not preclude relief under Rule 55(c)).

Looking at whether HSBC has a pattern of dilatory conduct, there is no indication that HSBC failed to participate or caused any delay in the related foreclosure and

5

bankruptcy proceedings. Further, in the instant action, HSBC acted with reasonable promptness in rectifying its failure to respond to Plaintiff's complaint. Accordingly, there is no evidence of dilatory conduct, and the absence of such evidence weighs in favor of excusing default. *See, e.g., Colleton*, 616 F.3d at 418 (noting that the district court found "no other instances of dilatory action" by the defaulting defendant).

Moreover, there is no evidence that HSBC's delay in responding to the summons and complaint prejudiced Plaintiff. "[D]elay in and of itself does not constitute prejudice to the opposing party." *Colleton,* 616 F.3d at 418. Rather, the court must determine whether the delay resulted in missing witnesses, deceased witnesses, lost or unavailable records, or loss of other key evidence. *Lolatchy*, 816 F.2d 951, 952; *Peche v. Keller*, No. 1:11CV362, 2012 WL 2128095, at *11 (M.D.N.C. June 12, 2012). Here, there is no showing that HSBC's default foreclosed Plaintiff from presenting evidence or proceeding to trial. Given that this case is in its early stages and a scheduling order has not been entered, Plaintiff is hard-pressed to demonstrate prejudice. Therefore, this factor weighs in favor of setting aside HSBC's default.

As to the final factor of the analysis, a common alternative sanction in cases such as this one is an award of attorney's fees to the party obtaining the default. *See, e.g., Vick v. Wong*, 263 F.R.D. 325, 331 (E.D. Va. 2009) (collecting cases). However, Plaintiff has not incurred attorney's fees, because she is proceeding *pro se.* Therefore, such an option is neither appropriate, nor effective. The undersigned finds that default judgment is far too drastic a remedy, and, in this case, other sanctions need not be considered.

Therefore, in light of the foregoing factors and recognizing an overriding interest in disposing of the case on the merits, the undersigned **FINDS** that good cause exists to excuse HSBC's default in this case and **RECOMMENDS** that Plaintiff's motion for the

entry of default be denied.

### III. Proposal and Recommendations

For the reasons stated, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Plaintiff's motion for the entry of default, (ECF No. 22), be **DENIED**; that HSBC's motion in opposition to the entry of default and request for leave to file a response to the complaint, (ECF No. 27), be **GRANTED**; and accept the Motion to Dismiss filed by HSBC on October 2, 2017 as properly pending, (ECF No. 29).

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Plaintiff, counsel of record, and any unrepresented party.

**FILED:** October 25, 2017

Cheryl A. Eifert
United States Magistrate Judge